Advisement Court will proceed to the 6th case, Correa-Diaz v. Sessions. Mr. Munoz. May it please the court, Kevin Munoz for the petitioner, Mr. Correa-Diaz. A barely 18-year-old man having a consensual sexual encounter with an almost 16-year-old person is not sexual abuse of a minor, as the government has decided in this case. And not for immigration purposes or otherwise. And thankfully now we have the decision of Quintana Esquivel to empower the court and enlighten the court to take a closer look and restrict the government from arbitrarily applying their definition of what is sexual abuse of a minor. And for guidance in determining the definition of sexual abuse of a minor as an aggravated felony for immigration purposes, Justice Thomas conducts an analysis that I think is really important for this case and will allow this court to vacate the expedited order of removal, the administrative order of removal. I'm not sure what use Esquivel is for you. It says that sexual abuse of a minor is limited to convictions in which the victim is under the age of 16. Isn't it agreed that the victim here was under the age of 16? Yes. And so the use of Esquivel is that Justice Thomas and the unanimous court agree that the definition of sexual abuse of a minor is not clear. It's not defined by the INA. And so since it's arbitrary and it can have a disparate enforcement, then they want to find and start out with, and they give us guidance on establishing what is the definition. And so what the Supreme Court does is they look at the dictionary definitions and they ask us now to go back to the time of Ira when the sexual abuse of a minor was added to the aggravated felony definition. Counsel, can I ask you a question? Esquivel only addressed the minor point, what is the age of consent, and it expressly left open this question about an age differential. And in our circuit, our circuit has held that sexual abuse of a minor is ambiguous and that Chevron deference applies. And it can no longer apply to this question of who is a minor. But doesn't precedent in this circuit foreclose us from revisiting this question or even asking this question about age differential? No, in fact, our argument is that Esquivel invites this court to apply its reasoning and in defining the ambiguity because the impact on what is an aggravated felony and the very ambiguity doesn't call for Chevron deference. And it actually invites the court, even though Justice Thomas says we will not make a decision on any other factors beyond the age of 16 being the age of consent at the time, now the court can consider that there are other factors that would make this crime not an aggravated felony. And so specifically, I want to address what is the age differential in determining what is sexual abuse of a minor. And so when we applied the reasoning of Justice Thomas in our brief, and we actually did the research on all the states and found that there is an age differential at the time of the IRA-IRA that is significant and is not contemplated when applying whether sexual abuse of a minor is – And the first approach to determining whether something is an aggravated felony would be the categorical approach, which this court has not precluded from applying here. And considering the age differentials and the defenses that are available in certain states, what I think Esquivel-Quintana does is it invites this court to allow us to consider that yes, in fact, sexual abuse of a minor is not just a barely 18-year-old having a romantic relationship with an almost 16-year-old. And that's what we have when we do an analysis of all state statutes and the defenses to the crime. And in this particular instance, Mr. Creideas is being removed on the basis of a crime where now after – since his conviction, there has been an amendment which provides for a four-year differential in age that is a defense that decriminalizes his act. And if you have an act that's been decriminalized by a state legislature, how could that be considered an aggravated felony on par with – and this is what Justice Thomas gives us in his analysis considering the definition and the context of what is an aggravated felony. He says that if you have rape, murder, and sexual abuse of a minor, then you can infer that it's a particularly egregious crime that we're talking about in order to order someone removed, ban them from any relief, ban them from any administrative hearing, and not give them any type of relief in immigration proceeding. And I think now the court's empowered by Esquivel-Quintana because you see the generic definition is not sufficient, but if you apply all the different tests that Judge Thomas gives us, we do have an analogous case. And so I'm going to reserve rebuttal, but I believe that by applying the definition of what is sexual abuse of a minor in context, analyzing the state laws and understanding the four-year differential is important. And if you look at the definition, which this court did not do in its precedent, but Justice Thomas did in the actual federal crime of sexual abuse of a minor, there is a defense for a four-year differential. And now Indiana has that. Our client could not avail of that at the time. And so that's where I'm going to reserve rebuttal. Thank you, Mr. Munoz. Thank you. Mr. Goldman. Good morning, Your Honor. May it please the court, Dan Goldman on behalf of the Attorney General. The government asks this court to uphold the agency decision and deny the petition for review. DHS properly charged and found Mr. Correa Diaz removable as an aggravated felon. His conviction for attempted sexual misconduct with a minor under Indiana law constitutes sexual abuse of a minor. That finding by the agency is consistent both with this court's precedent, particularly this court's decision in Geiskov, and the Supreme Court's recent decision in Esquivel. And there's no indication from the Supreme Court in Esquivel that we are somehow rolling back the protections for minors. Again, this court, we urge this court to uphold the agency decision because the agency's conclusion here is consistent both with the precedent of this court and with the Supreme Court's decision in Esquivel. I do want briefly, Your Honor, to address a couple of points made by Mr. Correa Diaz's counsel to characterize this situation as a, and I hope I heard him right, a romantic relationship between someone who was just over 18 and an almost 16-year-old. I would respectfully disagree with that. Number one, the victim in this case was 14, and that's reflected in page 36 of the record. I hope I'm not quibbling too much, but I think there is a difference between someone who's a victim of sexual abuse of a minor, someone who's 14, and someone who is almost 16. Second, with regard to whether there was some form of romantic relationship, Mr. Correa Diaz has submitted to the court several documents with his brief. They are not part of the administrative record, so the government's position is that this court is limited to record review, can't consider them. But if this court were to look at those documents, Mr. Correa Diaz, at his sentencing hearing, at his criminal sentencing hearing, is asked by the sentencing judge, were you dating this young woman? Did you have a relationship with her? And the answer is no. And then it's in the record, which is before this court, that Priscilla was sneaking out of the house. Her parents didn't know where she was on the night that they were ultimately caught in the car behind the school. So I would respectfully disagree with characterizing what happened here as a romantic relationship. That point, I think, also bears on the argument from Mr. Correa Diaz that if his conduct were to occur today, there has been a change in the Indiana law that he could somehow take advantage of the affirmative defense of having an ongoing relationship. For all the reasons I just discussed, I think it's at best an open question. Certainly the record, I don't think, fully supports his suggestion that he could take advantage of that. Subject to the court's questions, Your Honor, the government would ask this court to uphold the agency decision. All right. Thank you, Mr. Coleman. Thank you, Your Honor. In response to the government's argument, I think that first the categorical approach is what I'm addressing, and whether this statute itself is an aggravated felony. And so this court looks at the minimum conduct punishable by the statute. And so that would be a red herring to talk about any of the specifics, whether the person was 14 or 15 or barely 16 on the underlying case. The record that the government is quoting is not established and not fully apprehending the situation, but that's not what's relevant here. What's relevant is what is the minimum conduct that's punishable by the statute? And if we find that the minimum conduct punishable by the statute is, in fact, an almost 16-year-old with a barely 18-year-old, is this particularly egregious to be considered on par with rape and murder, and is this an aggravated felony? And the court can look at precedent and still apply the reasoning in Esquivel because the actual defendant in the previous cases that were – this court upheld that a related statute from Indiana was an aggravated felony. That was where there was not also a defense of the four-year differential that I'm referring to. I think the age differential is really critical, and the court is allowed to consider that. I agree – Justice Easterbrook, I agree that this is definitely the holding in Esquivel-Quintana that 16 is the age of consent at the time. Well, so is the age differential in the contemplation of what something – whether something is egregious to amount to an aggravated felony. You're not questioning she was 14, though, are you? That's not what's relevant here because what's relevant here is that Indiana statute, in particular that they're charging for an aggravated felony, is allowing that type of crime as the minimum type of crime to be punishable. And the holding in this court, its precedent was to a different subsection of the statute that was less than sexual intercourse, less than actual intercourse, but it actually was fondling. And so the minimum conduct punished by that could be also – and it's been argued before, before this court – be kissing. So if you're barely 18 and you're a 16-year-old – or you're almost a 16-year-old and you're kissing, you're both in the same high school, the government would argue that age plus sexual activity equals aggravated felony. And that's what the Esquivel-Quintana tells us is no longer going to be allowed. Thank you, Mr. Munoz. Thank you, Ms. Goldman. The case is taken under advisement and the court will stand in recess. Thank you.